## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES EARL WOODEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02542-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| MILLENNIA HOUSING MANAGEMENT, | ) | |
| LTD. and GLOBAL MINISTRIES | ) | |
| FELLOWSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CLAIMS FOR FAILURE TO PROSECUTE

Plaintiff James Earl Wooden sued Defendants Millenia Housing Management, Ltd. and Global Ministries Fellowship pro se under 42 U.S.C. § 1983.  (ECF No. 1.)  This Court referred the matter to the Magistrate Court for pretrial matters under Administrative Order No. 2013-05. The Magistrate Court then entered a Report and Recommendation ("R&R") recommending that the Court dismiss this case for failure to prosecute.  (ECF No. 7.)  For the reasons below, the Court **ADOPTS** the Magistrate Court's R&R.

### THE REPORT AND RECOMMENDATION

The Magistrate Court explained that Plaintiff moved pro se under § 1983 and moved to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  The Magistrate Court directed Plaintiff to file a properly completed in forma pauperis affidavit or pay the civil filing fee within thirty days. (ECF No. 6.)  That deadline passed, and Plaintiff did not comply with the order.  As a result, the Magistrate Court entered a R&R recommending this Court dismiss Plaintiff's complaint for

failure to prosecute.  (ECF No. 7.)  This Court then directed the Clerk to send Plaintiff a copy of

the Magistrate Court's R&R, and gave Plaintiff until December 4, 2020, to object.  (ECF No. 8.)

That deadline has passed now, and Plaintiff did not object.

## ADOPTING THE REPORT AND RECOMMENDATION

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a

copy of the recommended disposition, a party may serve and file specific written objections to

the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff did not object

to the R&R, and the time for filing objections has expired.  *See id.*  "When no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the record here, the Court finds no clear error and

**ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT**

**PREJUDICE**.

The Court also notes that the Sixth Circuit has at times analyzed four factors in deciding

to dismiss without prejudice for failure to prosecute, and those factors also support dismissal.

*See Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555–56 (6th Cir. 2004).  Those factors are:  (1)

whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary is

prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed

or considered before dismissal was ordered.  *Id.* at 555; *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d

359, 363 (6th Cir. 1999).  Yet, "the sanction of dismissal *without prejudice* is a comparatively

lenient sanction, and thus the controlling standards should be greatly relaxed . . . . because the

dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy*, 110 F. App'x at 556.

Here, analyzing these factors, dismissal without prejudice is still warranted. First, the Plaintiff bears the responsibility to comply with court orders, and he also bears the fault for not doing so. This first factor weighs in favor of dismissal.

Second, Plaintiff has not yet served Defendants. So, the second factor does not apply in this case.

Third, the Magistrate Court advised Plaintiff that failure to comply with the Magistrate Court's order would result in a recommendation that Plaintiff's complaint be dismissed under Federal Rule of Civil Procedure 41(b). (ECF No. 6 at PageID 10.) What is more, this Court also warned Plaintiff that his failure to object would result in the dismissal of his claims. (ECF No. 8 at PageID 15.)

And fourth, the Court considered less drastic sanctions by directing the Clerk to mail Plaintiff the R&R and by giving Plaintiff additional time to object to the Magistrate Court's order. (*See id.* at PageID 14–15.) Moreover, as dismissal is *without* prejudice, this is a less drastic sanction than dismissing *with* prejudice. So this factor too weighs in favor of dismissal.

In sum, the Court **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 7th day of December, 2020.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE